**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **STRIPES LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **CARLSON RESTAURANTS WORLDWIDE** | § | **JURY DEMAND** |
| **INC., TGI FRIDAY'S, INC., AND** | § | |
| **TGI FRIDAY'S OF MINNESOTA, INC.** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF STRIPES LLC'S
ORIGINAL COMPLAINT**

Plaintiff, Stripes LLC ("Stripes"), hereby files this Original Complaint against Defendants, Carlson Restaurants Worldwide Inc., TGI Friday's, Inc. and TGI Friday's of Minnesota, Inc. (herein collectively, "Defendants" or "TGIF") for federal trademark infringement, unfair competition, passing off, misappropriation, cancellation and cybersquatting under the Lanham Act; and for trademark infringement, unfair competition, and injury to business reputation, trade name and dilution under Texas common and statutory law. Stripes, therefore, shows the following:

**Nature of the Action**

1.      This action results from, *inter alia,* Defendants' unauthorized use of Stripes' trademarks or confusingly similar marks (see Exhibits A - F), in Defendants' restaurants, on their website, in their related advertisements, and as part of their domain name—all of which was done in connection with the promotion of goods and services similar or, in some cases, identical to those offered by Stripes. Specifically, the word  "STRIPES," and the phrases "Give me more Stripes," and "Earn your Stripes," all of which have been used by Defendants, share a

confusingly similar sight and sound, and a strong similarity in meaning to Stripes' trademarks. The marks used by Defendants for their products and services are deceptively and confusingly similar to Stripes' long-standing trademarks.

2.      Despite Stripes' extensive use and substantial common law and federal rights in its trademarks, Defendants have attempted to use and even register confusingly similar terms in connection with similar services in direct competition with Stripes and in violation of Stripes' intellectual property rights.   Because of the immediate and irreparable harm caused by Defendants' improper use of the Stripes Marks, Stripes seeks injunctive relief, and damages for Defendants' illegal and unauthorized acts.

## Parties

3.      Plaintiff Stripes is a Texas limited liability company operating as a subsidiary of Susser Holdings Corporation ("Susser"), and having its principal place of business located at 4525 Ayers Street, Corpus Christi, Texas.

4.      On information and belief, Defendant Carlson Restaurants Worldwide, Inc. ("Carlson") is a Delaware corporation having its principal place of business at 4201 Marsh Lane, Carrollton, Texas  75007.

5.      On information and belief, Defendant TGI Friday's, Inc. is a New York corporation operating as a subsidiary of Carlson, and having its principal place of business at 4201 Marsh Lane, Carrollton, Texas  75007.

6.      On information and belief, Defendant TGI Fridays of Minnesota, Inc. is a Minnesota corporation operating as a subsidiary of Carlson, and having its principal place of business at 4201 Marsh Lane, Carrollton, Texas  75007.

## Jurisdiction and Venue

7.     This is a complaint for causes of action arising under the Lanham Act, 15 U.S.C. §§ 1114, *et seq.,* § 16.29 of the Texas Business and Commerce Code, and the common law of Texas.  This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

8.     On information and belief, venue is proper in the Southern District of Texas under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred here in this District, Defendants are continuously and purposefully doing business in this District, and Defendants have promoted goods and services using marks confusingly similar to the Stripes Marks in this District.  Defendants' activities that support this District as the proper venue include, *inter alia,* actively soliciting and causing infringing and wrongful sales directed into this District, internet website advertising and promotion available in and directed to this District, other print and media advertising within this District, and other use of the infringing trademark within this District.

## Facts and Background

A.     Development of the Stripes Trademarks

9.     Stripes LLC operates more than 525 convenience stores and/or restaurants in Texas, New Mexico and Oklahoma primarily under the Stripes trademark.

10.     Restaurant service is currently available in 310 of Stripes' stores.  Stripes also sells prepared food, merchandise, and motor fuel, and offers a variety of services including car washes, lottery, ATM, money orders, prepaid phone cards and wireless services, and movie rentals at each of its locations.  Stripes has experienced dynamic growth over the past few years and is now one of the top 20 convenience store chains in the United States.  In 2010, Stripes opened 14 new stores and continues to add new locations to its network every year.

11.    Stripes is the sole owner of numerous common law trademarks, as well as United

States Trademark registrations thereof (the "Stripes Marks"), including:

a)   *STRIPES Word Mark* (U.S. Reg. No. 2,887,761) – On March 3, 2003, Susser
Petroleum Company LP (now Susser Petroleum Company LLC), a wholly-
owned subsidiary of Stripes, filed a service mark application for the word
mark STRIPES (Application No. 78/221,416), which was approved by the
USPTO on September 21, 2004.  On October 24, 2007, Stripes was assigned
the entire interest of the STRIPES Word Mark.  A copy of the registration is
attached hereto as **Exhibit A.**

b)   *EARN YOUR STRIPES Word Mark* – Since on or around March 2007, Stripes
has used the mark "Earn Your Stripes" to help the public, including its
employees, vendors and customers, identify Stripes' goods and services.  As a
result, the mark "Earn Your Stripes" is or has become distinctive, and Stripes
has acquired common law rights to the trademark.  Examples of Stripes' use of
this mark are attached hereto as **Exhibit B.**

c)   *Other Marks* – Stripes is also the owner of many other federally-registered
trademarks, including U.S. Reg. Nos. 3,541,996; 3,541,997; 3,350,159; and
3,433,168.  Copies of those registration are attached hereto as **Exhibits C – F.**

12.    The certificates of registration identified in Exhibits A and C – F are valid and

subsisting, and record Stripes' ownership of the marks.  The certificates of registration are *prima*

*facie* evidence of the validity of the registrations, Stripes' ownership of the marks, and Stripes'

exclusive right to use the marks in commerce in connection with the goods and services specified

in the certificates of registration under the provisions of 15 U.S.C. § 1057(b), and provide

constructive notice of Stripes' claim of ownership under 15 U.S.C. § 1072.

13.    The STRIPES Word Mark (U.S. Reg. No. 2,887,761) is also incontestable under

15 U.S.C. § 1065, which provides conclusive evidence of the validity of the registrations,

Stripes' ownership of the marks, and Stripes' exclusive right to use the marks in commerce in

connection with the goods and services specified in the certificates of registration under 15

U.S.C § 1115(b).

14.    Stripes launched—and has continuously used—the Stripes Marks by crafting a

complete brand identity package to help customers associate Stripes' products and services with

the Stripes Marks.  The Stripes Marks have since been prominently displayed, marketed, and used on outdoor boards, in-store point-of-purchase signage, business cards, internet advertising, product promotions, exterior signage, product packaging, and other advertisements.  Examples of Stripes' use of its Marks can be found in **Exhibit G.**

15.    Stripes has expended, and continues to expend, a significant amount of time and money to advertise, offer for sale, and promote its products and services through its distinctive Stripes Marks nationwide.

16.    As a result, the Stripes Marks have been widely recognized by the public as originating from a single source, namely Stripes, and the Stripes Marks serve to distinguish Stripes' services and product from those of others.  The trademark "STRIPES" has become one of the most widely recognized brands in the convenience store and food service industry.  Whether a customer visits a Stripes' retail location in South Texas, Oklahoma or Eastern New Mexico, the customer expects to receive a consistent quality shopping and food service experience that the Stripes Marks have come to be associated with.

17.    Stripes came to its position of leadership and market share through hard work, substantial investment in its brand and a true commitment to providing quality products and services to its customers.

18.    The Stripes Marks are inherently distinctive to the public, and serve primarily as a designator of origin of the products and/or services distributed and sold by Stripes.

19.    As a result of the widespread use and display of the Stripes Marks, (a) the public and the trade use them to identify and refer to Stripes' products or services, (b) the public and the trade recognize that such designations refer to high quality products and/or services emanating from a single source, and (c) the Stripes Marks have built up secondary meaning and/or extensive goodwill.

20.     As a result of the continuous advertising, marketing and promotion of the Stripes Marks, and related articles and press releases, among other outlets, the Stripes Marks have become, through public acceptance and recognition, famous and an asset of substantial value symbolizing Stripes, its quality service, and its goodwill.

B.    <u>Defendants' Infringing Use of the Stripes Marks</u>

21.     On information and belief, Defendants own and operate restaurants that sell food and beverages including, among other items, tacos, sizzling fajitas, cold drinks, coffee and ice cream.  A general description of the goods offered by Defendants is available from Defendants' website, <tgifridays.com>, attached hereto as **Exhibit H.**

22.     Stripes has never authorized, licensed or otherwise permitted Defendants to use the Stripes Marks, or any confusingly similar variation thereof.   Yet, despite the lack of authorization from Stripes, Defendants embarked on an effort to obtain rights to a confusingly similar set of brands.

23.     On March 19, 2008, long after Stripes' first use of the STRIPES Word Mark, TGI Friday's of Minnesota, Inc. filed a trademark application for "Give me more Stripes" with the United States Patent and Trademark Office.  The "Give me more Stripes" application claims a first use and first use in commerce date of April 1, 2008.  A copy of the registration certificate is attached as **Exhibit I.**

24.     On information and belief, TGI Friday's of Minnesota, Inc. has licensed the "Give me more Stripes" mark to Carlson Restaurants Worldwide, Inc. and TGI Friday's, Inc.

25.     On May 5, 2010, over seven years after Stripes applied for the STRIPES Word Mark, TGI Friday's of Minnesota, Inc. filed a trademark application for "Earn your Stripes" with the United States Patent and Trademark Office.  The "Earn your Stripes" application claims a

first use and first use in commerce date of May 10, 2008.  A copy of the application is attached as **Exhibit J.**

26.    On July 14, 2008, Defendants began a nationwide marketing campaign based on, and highlighting, "STRIPES" and "Give me more Stripes" in their guest recognition program for Defendants' goods and services.  A press release from Defendants highlighting the "STRIPES" and "Give me more Stripes" guest recognition program is attached hereto as **Exhibit K.** Representative examples of Defendants' unauthorized and infringing use of "STRIPES" and "Give me more Stripes" are attached as **Exhibits L.**

27.    Defendants' various branding campaigns also use "STRIPES" in various other forms, including "Show me your Stripes" and "Get your Stripes on."  Such uses demonstrate that the unauthorized and infringing use of the word "STRIPES" has become an essential part of Defendants' marketing for their restaurant and guest recognition program.   Representative examples of Defendants' unauthorized and infringing use of "STRIPES" are attached as **Exhibits M.**

28.    On information and belief, TGI Friday's of Minnesota, Inc. registered and is using the Internet domain name, <givememorestripes.com>, which redirects each user to the homepage of Defendants' website, <tgifridays.com>.   On information and belief, TGI Friday's of Minnesota, Inc. causes redirection of the <givememorestripes.com> site without notice to the user that the site is neither owned nor operated by Stripes.  Representative examples of pages from the <givememorestripes.com> website are attached hereto as **Exhibit N.**

29.    Defendants' <givememorestripes.com> domain name is confusingly similar, and dilutive of the STRIPES Word Mark.  Defendants seek to profit from the registration, trafficking, and use of the <givememorestripes.com> domain name by insuring that actual and potential Stripes customers are misdirected to Defendants' website.

30.     On information and belief, Defendants seek to diminish the goodwill associated with Stripes name and the STRIPES Word Mark by misdirecting actual and potential Stripes customers away from Stripes via the <givememorestripes.com> website.

31.     Defendants' extensive use of "STRIPES," "Give me more Stripes," and "Earn your Stripes," in their product promotion, advertising and website constitutes the use in commerce of a colorable imitation and confusingly similar use of the Stripes Marks.

C.     Defendants' Unauthorized Use of the Stripes Marks Results in a Likelihood of Confusion and Dilution

32.     Defendants' unauthorized use of "STRIPES," "Give me more Stripes," and "Earn your Stripes," share a confusingly similar sight and sound, and a strong similarity in meaning with the Stripes Marks.  As such, Defendants' use of such confusing marks for their products and services is deceptive and results in a strong likelihood of confusion and mistake in the market.

33.     Defendants use "STRIPES," "Give me more Stripes," and "Earn your Stripes," for the same types of products and services for the same types of markets and to the same class of customers as Stripes does with its  family of products and services.  Accordingly, Defendants' use of the Stripes Marks is likely to cause confusion, mistake, or deception in the minds of the public and the trade.

34.     On information and belief, consumers have—and will continue to—conclude that Defendants, through their use of the Stripes Marks, offer products or services that are connected, associated or affiliated with Stripes.

35.     On information and belief, actual confusion as to source, sponsorship, affiliation, connection or identification has occurred between Defendants' use of their registered marks and Defendants' unauthorized use of the Stripes Marks.

36.     Defendants' activities, as hereinabove pleaded, have and are likely to continue to cause confusion or mistake, or to deceive the consuming public and the trade as to the source or

origin of the goods and services offered by Stripes and the sponsorship and/or endorsement of those goods and services by Stripes.

37.    Defendants' activities, as hereinabove pleaded, have and are likely to continue to dilute the value of the Stripes Marks by diminishing the public association of the marks with Stripes and working an adverse effect upon the distinctiveness of the marks, thus creating a likelihood of injury to Stripes' respected reputation.

38.    As a result of the aforesaid acts by Defendants, Stripes has suffered—and continues to suffer—substantial damages and irreparable injury.  Stripes has no adequate remedy at law, and unless Defendants are restrained and enjoined by the Court, said acts will be continued and will continue to cause damage and irreparable injury to Stripes, and to damage Stripes' goodwill and business reputation.  Because of the threatened continuation of loss of customers and sales, and due to Defendants providing a different product under the Stripes Marks or similar variation thereto, Stripes cannot ascertain the precise amount of its damages at this time.

39.    On information and belief, Defendants' infringement constitute a willful and malicious violation of Stripes' trademark rights, aimed at preventing Stripes from continuing to build a business around marks that it has long possessed.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

40.    Stripes repeats and realleges each and every allegation of Paragraphs 1 to 38 of this Complaint as if fully set forth herein.

41.    Stripes' federal registrations of certain STRIPES Marks are conclusive evidence of Stripes' exclusive right to use these marks, pursuant to the Lanham Act, 15 U.S.C. § 1115.

42.    The STRIPES Word Mark (U.S. Reg. No. 2,887,761) is incontestable, which provides conclusive evidence of its validity, Stripes' ownership of the mark and exclusive right to

use the mark in commerce in connection with the goods and services specified in the certificate of registration under 15 U.S.C. § 1115(b).

43.    By virtue of the distinctive nature of Stripes' "Earn Your Stripes" mark and Stripes' continuous use of the "Earn Your Stripes" mark in commerce since on or around March 2007, the "Earn Your Stripes" mark qualifies for common law trademark protection.

44.    Defendants' aforementioned acts, including use of "STRIPES," "Give me more Stripes," and "Earn your Stripes," constitute trademark infringement in violation of § 32(a) of the Lanham Act, 15 U.S.C. § 1114.

45.    Defendants' wrongful and unauthorized use of the Stripes Marks and name comprise infringement of the Stripes Marks and is likely to cause confusion, mistake and deception of the public as to the origin, identity or source of Stripes' goods, causing irreparable harm to Stripes for which there is no adequate remedy at law.  Accordingly, Defendants' actions constitute trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

46.    As a direct and proximate result of Defendants' actions, Stripes has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks.  The injury to Stripes is and continues to be ongoing and irreparable.

47.    As a direct and proximate result of Defendants' actions, Defendants have caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Stripes for which there is no adequate remedy at law, and for which Stripes is entitled to injunctive relief under 15 U.S.C. § 1116(a).

48.    As a direct and proximate consequence of the acts and practices of Defendants, Stripes has been, is being and, unless such acts and practices are enjoined by the Court, will

continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 15 U.S.C. § 1117.

49.    On information and belief, Stripes alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon Stripes' goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused Stripes damage for which it is entitled to relief under 15 U.S.C. § 1117.

50.    Stripes seeks an accounting, and its actual and consequential damages resulting from Defendants' acts.  Moreover, Stripes seeks punitive, additional, and enhanced damages from Defendants.  In addition, or in the alternative, Stripes seeks recovery of the maximum amount of statutory damages as permitted by 15 U.S.C. § 1117.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, PASSING OFF AND MISAPPROPRIATION UNDER 15 U.S.C. § 1125(A)

51.    Stripes repeats and realleges each and every allegation of Paragraphs 1 to 49 of this Complaint as if fully set forth herein.

52.    The Stripes Marks, as used by Stripes in connection with providing its goods and services, are distinctive marks and have become associated with Stripes and thus exclusively identify Stripes' business, products, and services.  By virtue of the distinctive nature of the Stripes Marks and their continuous use in commerce, the Stripes Marks qualify for trademark protection.

53.    Defendants' use of "STRIPES," "Give me more Stripes," and "Earn your Stripes," in their business comprises an infringement of the Stripes Marks and is likely to cause confusion, mistake and deception of the public as to the identity of Stripes' goods and services, causing irreparable harm to Stripes for which there is no adequate remedy at law.

54.    Because of Defendants' wrongful and unauthorized use of the Stripes Marks and their appropriation of the Stripes Marks for a marketing concept for Defendants, consumers are led to believe that Defendants' goods and services originate with or are sponsored or otherwise approved by Stripes, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause patrons to believe that the Stripes Marks are generic, thus destroying the goodwill and value that Stripes has built with the Stripes Marks.

55.    Defendants' wrongful and unauthorized use of the Stripes Marks and name comprise unfair competition by creating the impression among relevant consumers that the products or services sold by Defendants are licensed by, sponsored by, originated with and/or otherwise affiliated with Stripes, or that the source of the products or services sold by Defendants under the Stripes Marks are affiliated, connected with or associated with Stripes, when neither Defendants nor their products or services have any connection with or authorization from Stripes.

56.    Defendants have misappropriated Stripes' valuable goodwill and public recognition of the Stripes Marks, which have been developed over a long period of time by Stripes, and Defendants have unlawfully benefited and been unjustly enriched by such activities.

57.    The use by Defendants of the Stripes Marks in connection with their products and services constitutes unfair competition under 15 U.S.C. § 1125(a).  This use has injured the business reputation of Stripes and will cause irreparable harm, damage, and injury to Stripes unless Defendants are restrained and enjoined by this Court.

58.    As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Stripes for which there is no adequate remedy at law, and for which Stripes is entitled to injunctive relief under 15 U.S.C. § 1116(a).

59.     As a direct and proximate consequence of the acts and practices of Defendants, Stripes has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 15 U.S.C. § 1117.

60.     On information and belief, Stripes alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon Stripes' goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused Stripes damage for which it is entitled to relief under 15 U.S.C. § 1117.

61.     Stripes seeks an accounting, and its actual and consequential damages resulting from Defendants' acts.  Moreover, Stripes seeks punitive, additional, and enhanced damages from Defendants.  In addition, or in the alternative, Stripes seeks recovery of the maximum amount of statutory damages as permitted by 15 U.S.C. § 1117.

## COUNT III
### CANCELLATION OF U.S. REGISTRATION NO. 3,636,407 UNDER 15 U.S.C. §§ 1064 AND 1119

62.     Stripes repeats and realleges each and every allegation of Paragraphs 1 to 60 of this Complaint as if fully set forth herein.

63.      TGI Friday's of Minnesota, Inc. is not entitled to maintain any rights to the "Give me more Stripes" mark, including those rights accompanying the federal registration, U.S. Reg. No. 3,636,407.

64.     Accordingly,  the  Court  should  cancel  TGI  Friday's  of  Minnesota,  Inc.'s registration pursuant to 15 U.S.C. §§ 1064 and 1119.

## COUNT IV
### CYBERSQUATTING UNDER 15 U.S.C. § 1125(D)

65.     Stripes repeats and realleges the allegations of Paragraphs 1-63 as if fully set forth herein.

66.     On information and belief, Defendants register, traffic in, and/or use the <givememorestripes.com> domain name, which is identical, confusingly similar, dilutive of and/or protected by the STRIPES Word Mark.

67.     Defendants' registration, trafficking and/or use of the <givememorestripes.com> domain name have been made with a bad faith intent to profit from the STRIPES Word Mark.

68.     Based on the acts of Defendants, Stripes is entitled to either the forfeiture or cancellation of the <givememorestripes.com> domain name, or transfer of the domain name to Stripes.

### COUNT V
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### UNDER TEXAS COMMON LAW

69.     Stripes repeats and realleges each and every allegation of Paragraphs 1-67 of the Complaint as if fully set forth herein.

70.     The foregoing acts of Defendants constitute trademark infringement and unfair competition under the common law of the State of Texas.  As a result of the infringement and unfair competition by Defendants, Stripes has suffered and will continue to suffer injury and damage in an amount yet to be determined.  The acts of infringement by Defendants have resulted in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined.  Such acts of trademark infringement and unfair competition in violation of Texas common law have caused great harm to Stripes, for which Stripes is entitled to recover any and all remedies provided by Texas common law.

71.     The continuing acts of Defendants are jeopardizing the goodwill of Stripes and its valuable Stripes Marks, and such acts have caused and will continue to cause irreparable injury to Stripes and to the consuming public.  The acts of Defendants complained of herein have

caused irreparable injury to Stripes and to the public, for which there is no adequate remedy at law.

72.     Additionally, or in the alternative, Stripes seeks an accounting, and its actual and consequential damages as a result of Defendants' infringing acts which have resulted in confusion among the public.  Moreover, Stripes seeks punitive and enhanced damages for Defendants' willful conduct.

**COUNT VI**
**INJURY TO BUSINESS REPUTATION, TRADE NAME AND DILUTION**
**UNDER TEXAS BUSINESS AND COMMERCE CODE § 16.29**

73.     Stripes repeats and realleges the allegations of Paragraphs 1-71 as if fully set forth herein.

74.     The foregoing acts of Defendants, resulting in likelihood of dilution of the distinctive quality of Stripes' Marks, have and will continue to destroy the goodwill and reputation established by Stripes in connection with its Marks and trade name, thereby causing it irreparable harm.

75.     The foregoing acts of Defendants constitute injury to Stripes' business reputation and likelihood of dilution of the distinctive quality of its Marks and trade name in violation of § 16.29 of the Texas Business and Commerce Code.

76.     On information and belief, Defendants have been unjustly enriched from their wrongful acts.

77.     Defendants' acts have been willful and deliberate, justifying an award of attorneys' fees.

**Request for a Jury Trial**

76.     Stripes requests a jury trial of all issues in this action so triable.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows and for the following relief:

A.    a judgment that Defendants have infringed Stripes' Marks in violation of 15 U.S.C. § 1114;

B.    a judgment that Defendants have infringed Stripes' Marks in violation of 15 U.S.C. § 1125;

C.    a judgment that Defendants have unfairly competed with Stripes and misappropriated Stripes' valuable goodwill and public recognition of the Stripes Marks in violation of 15 U.S.C. § 1125;

D.    a judgment that TGI Friday's of Minnesota, Inc.'s trademark registration for the "Give me more Stripes Mark, U.S. Registration No. 3,636,407, be ordered cancelled.

E.    a judgment that Defendants have infringed Stripes' Marks in violation of Texas common law;

F.    a judgment that Defendants have unfairly competed with Stripes in violation of Texas common law;

G.    a judgment that Defendants have injured the business reputation of Stripes and its trade name, and diluted the Stripes Marks, in violation of the Texas Business and Commerce Code § 16.29;

H.    a judgment that Defendants register, traffic in, or use a domain name with a bad faith intent to profit from the Stripes Marks in violation of 15 U.S.C. § 1125(d);

I.    that Defendants, their officers, directors, principals, agents, servants, employees, attorneys, officers, directors, principals, and all persons acting in concert or participation with

them who receive actual notice of the Order be preliminary enjoined during the pendency of this action and thereafter permanently enjoined from directly or indirectly:

(1)    from using the Stripes Marks, or any other colorable imitation of the Stripes Marks, in connection with the advertisement, promotion, offer for sale and sale of Defendants' products and services, and from any other acts that will injure or be likely to injure the business reputation of Stripes;

(2)    committing any acts calculated to cause the public to believe that any of Defendants' products or services are Stripes' products or services, or are authorized by Stripes, in whole or in part, unless they are entirely such;

(3)    otherwise competing unfairly with Stripes in any manner, including without limitation, using a false designation of origin or false representations which misrepresent the nature, characteristics or qualities, source or origin of Defendants' products or services or commercial activities;

(4)    infringing Stripes' Marks;

(5)    continuing to register, traffic in, or use the <givememorestripes> domain name and website; and

(6)    attempting, causing, or assisting any of the above-described acts.

J.    that Defendants be directed to file with this Court and serve on Stripes within thirty (30) days after service of such injunction, a written report under oath pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction;

K.    that Defendants be required to remove existing signage and destroy all literature, advertising, marketing, and promotional materials used in connection therewith, goods and other

materials bearing the infringing and unlawful marks or any other design now or hereafter in their possession, custody, or control that would violate the injunction entered herein;

L.      that Defendants be ordered to pay to Stripes all damages sustained from violations of Stripes' Marks under 15 U.S.C. §§ 1114 and 1125, and that Stripes be awarded Defendants' profits derived by reason of said acts, or as determined by said accounting;

M.      that such damages and profits be trebled and awarded to Stripes pursuant to 15 U.S.C. § 1117 on the grounds that Defendants' conduct have been willful, deliberate and in bad faith;

N.      that Defendants be ordered to pay Stripes damages for common law trademark infringement, unjust enrichment and unfair competition under Texas common law;

O.      that Defendants be ordered to pay Stripes damages for injury to business reputation, trade name and trademark dilution under Texas Business and Commerce Code § 16.26;

P.      that Defendants be required to account to Stripes for any and all profits derived by them, and all damages sustained by Stripes by reason of Defendants' acts complained of herein;

Q.      that Stripes recover punitive damages in an amount to be determined at trial for common law trademark infringement, unjust enrichment and unfair competition;

R.      that Defendants be ordered to pay Stripes pre-judgment and post-judgment interest on any amount awarded;

S.      that Defendants be found to deliberately and in bad faith infringe Stripes' Marks and that Defendants be ordered to pay Stripes its costs, disbursements and attorneys' fees, as allowed by law; and

T.      that Stripes recover such other relief as the Court deems just and equitable.

Dated: January 26, 2011                          Respectfully submitted,

PLAINTIFF'S ORIGINAL COMPLAINT                                              Page 18

By:  */s/ Edward A. Cavazos* _____

**Edward A. Cavazos**
Attorney-in-charge
State Bar No. 00787223
Southern ID No. 16844
Email:  edward.cavazos@bgllp.com
**Conor Civins**
Of counsel
State Bar No. 24040693
Southern ID No. 711979
Email:  conor.civins@bgllp.com
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas  78701
(512) 472-7800
(512) 472-9123 fax

**John C. Rawls**
Of counsel
Texas Bar No.  24060930
Southern ID No. 413953
Email:  john.rawls@bgllp.com
BRACEWELL & GIULIANI LLP
711 Louisiana Street
Suite 2300
Houston, TX  770002-2770
(713) 223-2300
(713) 221-1212 fax

Counsel for Plaintiff,
Stripes LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 26, 2011, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b)(1).  Any other counsel of record will be served by first class U.S. mail on this same date.

_/s/ Edward A. Cavazos_
Edward A. Cavazos